UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CARLOS ANTONIO RODRIQUEZ,         )<br>                                                             )<br>              Petitioner,                      )<br>                                                             )<br>     vs.                                              )<br>                                                             )<br>DORA B. SCHRIRO,                          )<br>                                                             )<br>              Respondent.                   )<br>_____) | 3:08-cv-8056 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Petition at docket 1;<br>          Report at docket 29] |

## I.  MOTION PRESENTED

Pursuant to 28 U.S.C. § 2254, petitioner seeks a writ of habeas corpus.  After the matter was fully briefed, Magistrate Judge Edward Voss filed a report at docket 29 in which he recommends that the petition be denied.  After obtaining an extension of time, objections were filed by petitioner at docket 32.  Respondent did not reply to the objections.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

Rodriquez pled guilty to a charge of first degree murder.  Thereafter, following a hearing on February 19, 2004, he was sentenced to life in prison.  Rodriquez's efforts to have his guilty plea set aside in subsequent state court proceedings were unsuccessful.  He filed his habeas petition in this court pursuant to 28 U.S.C. § 2254 in May of 2008.  The relief Rodriquez seeks is not available unless the state court decision from which relief is sought was "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]

Rodriquez's first ground for relief is that his guilty plea was involuntary, because it was coerced.  The basis for this assertion is that his plea was part of a broader plan involving a guilty plea by the co-defendant who was petitioner's brother.  Rodriquez contends that the State's insistence on this "package deal" amounted to unlawful coercion.  For the reasons explained by the magistrate judge in the report at docket 29, this first ground fails, because petitioner has failed to show that the state court decision erred and that the error is within the narrow limits upon which relief may be granted as set forth in 28 U.S.C. § 2254(d).  Succinctly put, there is nothing in petitioner's lengthy objections which demonstrates any error in the recommendation from the magistrate judge as to the first ground for relief.  Applying the standard of review set out above, It follows that Rodriquez is not entitled to relief on this ground.

---

[2]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5]28 U.S.C. § 2254(d).

Case 3:08-cv-08056-JWS Document 34 Filed 02/16/11 Page 3 of 3


Rodriquez's second ground for relief is based on the proposition that he had ineffective assistance of counsel in connection with the plea agreement. As explained by the magistrate judge, petitioner has failed to show a violation of Sixth Amendment rights under the strictures of *Strickland v. Washington*,[6] the leading case on the topic. Nothing in his objections persuades this court otherwise.

## IV.  CONCLUSION

For the reasons above, this court adopts the recommended findings and conclusions in the report at docket 29. Based thereon, the petition is **DENIED**. Because petitioner has not made a substantial showing of the denial of a constitutional right, this court declines to issue a certificate of appealability. If petitioner desires to appeal, he must seek a certificate of appealability from the Court of Appeals pursuant to Fed. R. App. P. 22(b).

The Clerk will please enter judgment for respondent.

DATED this 15th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] 446, U.S. 668 (1984).